UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **2:25-cv-05892-AH-MAR**                                              Date:  July 21, 2025

Title:   *Gerardo Farias-Contreras v. Warden, FCI Terminal Island*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

I.
BACKGROUND

On October 28, 2020, Gerardo Farias-Contreras ("Petitioner") pled guilty to conspiring to distribute methamphetamine and heroin (21 U.S.C. §§ 841(a)(1), 846) in the Eastern District of Washington.  United States v. Farias-Contreras, 104 F.4th 22, 25 (9th Cir. 2024), cert. denied, 145 S. Ct. 1316 (2025).  On March 18, 2019, Petitioner was sentenced to 188 months imprisonment. Id. at 27.  Petitioner appealed his sentence and on February 15, 2023, the Ninth Circuit found that the government had breached its plea agreement and vacated Petitioner's sentence.  See United States v. Farias-Contreras, 60 F.4th 534, 548 (9th Cir. 2023).  On June 3, 2024, and en banc panel of the Ninth Circuit reversed and affirmed the district court.  Id.

On June 10, 2025, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241").  ECF Docket No. ("Dkt.") 1.  The Petition alleges prosecutorial misconduct and ineffective assistance of counsel at the trial level. Id. at 6–7.

The Court cannot locate any direct appeal or other post-conviction petitions.
///
///
///
///
///
///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner.  However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:25-cv-05892-AH-MAR**                                                                 Date:  July 21, 2025

Title:     *Gerardo Farias-Contreras v. Warden, FCI Terminal Island*

## II.
## DISCUSSION

**A.    28 U.S.C. § 2255 MOTION**

   **1.    Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  <u>Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court.  Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' " <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting <u>Stephens</u>, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Bousley v. United States</u>, 523 U.S. 614(1998)).  With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider:  "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

   **2.    Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See <u>Harrison</u>, 519 F.3d at 956.  Rather, Petitioner appears to challenge the legality of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:25-cv-05892-AH-MAR**                                             Date:  July 21, 2025

Title:  *Gerardo Farias-Contreras v. Warden, FCI Terminal Island*

2019 sentence.  See Dkt. 1 at 6–7.  Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

First, it is not clear that Petitioner is alleging "actual innocence."  Petitioner argues that the prosecutor made prejudicial statements about his ethnicity and that trial counsel was ineffective for failing to object to the statements.  Pet. at 6–7.  However, Petitioner does not appear to allege he is actually innocent of the conduct he pled guilty to.

Furthermore, Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  Petitioner does not appear to have filed a 2255 motion in the sentencing court, nor does Plaintiff explain why he has failed to do so.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (finding "a federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 'if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' ") (citing 28 U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)); Cabbagestalk v. Quintana, No. CV-10-5612-PSG-PLA, 2011 WL 672534, at *3 (C.D. Cal. Jan. 12, 2011), report and recommendation adopted, 2011 WL 761536 (C.D. Cal. Feb. 10, 2011) (finding petitioner failed to demonstrate he lacked an unobstructed procedural shot, because "petitioner never filed a § 2255 motion in the sentencing court, and he offers no explanation for his failure to do so").

Finally, because Petitioner has not filed a Section 2255 motion, he cannot establish (1) the legal basis for his claim did not arise until after he had exhausted his direct appeal and first Section 2255 motion; or (2) the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion.  Alaimalo, 645 F.3d at 1047.  Petitioner therefore appears to fail to meet the requirements for Section 2255's escape hatch.

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by August 11, 2025**.  In the response, Petitioner must elect one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court. Petitioner should attach copies of any documents that support his position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **2:25-cv-05892-AH-MAR**                                                    Date: July 21, 2025

Title:     *Gerardo Farias-Contreras v. Warden, FCI Terminal Island*

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court. Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order. **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**. The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | vv |